State, Central R. R. Co., pros.; v. City of Bayonne.

---

THE STATE, THE CENTRAL RAILROAD COMPANY, PROSE-CUTORS, v. THE CITY OF BAYONNE.

1. When, under the charter of the city of Bayonne, certain commissioners of assessments were required to file their report and a map, within twenty days after an ordinance was referred to them by the council, the neglect to file them within the time specified will render void their proceedings. *State, Gleason, pros.,* v. *Town of Bergen,* 4 *Vroom* 72.
2. The opening of a street, under the charter, is treated as a distinct proceeding from the laying out of the street.
3. The ordinance to open and grade streets under the charter must be based on the fact that the street authorized to be opened has been laid out, and the grade established.

---

On *certiorari* to review and set aside an ordinance for opening, regulating and grading Hudson avenue from Avenue A to the New York bay, &c.

Argued before Justices BEDLE, DALRIMPLE and SCUDDER.

For prosecutors, *B. Williamson* and *F. T. Frelinghuysen.*

For defendant, *L. Abbett.*

The opinion of the court was delivered by

BEDLE, J.   The ordinance in this case is for opening, regulating and grading Hudson avenue from Avenue A to New York bay, as the same is laid down upon a map made by the map and grade commission, and filed in the office of the clerk of the city of Bayonne.   This ordinance was approved by the mayor, February 24th, 1870, and in March, 1870, the council, by regulation, referred the same to the commissioners of assessments for their action.   They made a survey and preliminary map, with an estimate and assessment of the cost of the improvement, and filed the map and report thereof with the city clerk, July 5th, 1870.   Very soon after that this *certiorari* was issued.   By section fifty of the charter, (*Laws* 1869, *p.* 394,) these commissioners were required to file such report and map within twenty days after the ordinance was referred to them.   It is not within twenty days after the commissioners were notified, but within twenty days after the ordinance is referred.   They have failed to perform that duty within the time required, and their proceedings should, for that reason, be set aside.   This point is *res judicata.* *State, Ackerman, pros., v. Town of Bergen,* 4 *Vroom* 39; *State, Gleason, pros., v. Town of Bergen,* 4 *Vroom* 72.

The ordinance should also be set aside for the following reason : The opening of a street, under this charter, is treated as a distinct proceeding from the laying out.   The charter was passed in 1869.   Previous to that, under an act of April 7th, 1868, (*Laws of* 1868,) there existed a board of commissioners, commonly known as the map and grade commission, who were empowered to lay out new streets, or parts of new streets, &c., and to establish grades.   These powers were expressly reserved to the commissioners by section thirty-one of the charter,

until the expiration of their term of office, which will be May 1st, 1873. Until that time streets must be laid out and grades established by these commissioners, but the opening and grading may be done under ordinance of the council. An ordinance to open and grade under the charter must be based on the facts that the street has been laid out and the grade established. This *certiorari* brings in review the proceedings of the map and grade commission, so far as the ordinance is based upon them, as well as the action of the council. The ordinance is to open and grade Hudson avenue from Avenue B to the bay, as *the same is laid down* upon a map made by the grade commission, and filed in the city clerk's office. The return shows proceedings by the commissioners to extend or lay out Hudson avenue from Avenue *D* to the bay, which is less than half the distance included in the ordinance, and the map returned is merely for that extension. The ordinance assuming that the street has been previously laid out, and referring to a map on file with the city clerk, on which the same was laid out, the return should have shown, in order to sustain the ordinance, that Hudson avenue had been laid out from Avenue A. In this it fails, so far as from Avenue A to Avenue B is concerned; and that defect is sufficient to defeat the ordinance, without referring to any other objections.

The ordinance and subsequent proceedings are set aside, leaving untouched the action of the map and grade commissioners, as their proceedings may again be brought in review when more fully developed.